24-1754 Yapp USA Automotive Systems v. National Labor Relations Board, et al. 15 minutes for the plaintiff, 15 minutes to be shared by the intervener and the defendants. Mr. Garrett, you may proceed with the appellant. May it please the court, Tim Garrett here of the Tennessee Bar on behalf of Yapp USA Automotive along with my colleague Hunter Yoches. Unless this court acts to grant a preliminary injunction reversing the district court, Yapp USA will continue to suffer irreparable harm and the very harm that the law and Supreme Court authority says warrants such relief. There is greater urgency now as a result of the ALJ's opinion issued just yesterday at 4 p.m. and there is also even more compelling authority because the very things that the district court had trouble with, primarily substantial likelihood of success on the merits basis, and the causal harm under Collins and Calcutt have now been met given the intervening circumstances. That is, we submit, and I'm going to go straight to the causal harm issue and Calcutt and Collins. Can you address the mootness though? I'm curious. On the Seventh Amendment at least, it seems like the ALJ's order didn't order the foreseeable consequential damages. In Trump v. Wilcox, it looks like the president, at least for now, has the authority to fire members of the NLRB. Why is this case not mooted? Why is the request for preliminary relief not mooted? With all due respect, Judge, there is not mootness because there is now still an ongoing proceeding, the ALJ's order still is subject to exceptions that have to be filed within the next 28 days. What the Supreme Court did was merely stay what is the current status of the case in Wilcox, and that is a district court order that says the president doesn't have the authority to... But the Supreme Court's order said that for the purposes of pending the development of opportunity to fire Wilcox, and so presumably the president is firing Wilcox. Judge Moore, it's my understanding that the Supreme Court's decision stayed the effectiveness of the district court's final judgment and permanent injunction against the firing of board member Wilcox, and as a result, that is merely a stay. The law of the case at this point, until there's... You're contending that after the Supreme Court's opinion that Wilcox is present as an NLRB member, is that the way you read the Supreme Court's order? It is not the way I read the Supreme Court's order. What I read the Supreme Court's order is a stay of the final decision by the district court pending the appeal of that district court's order and permanent injunction. So the law of the case... So today... Yes. I'm sorry, and obviously we will all reread this opinion from the Supreme Court, but today is Wilcox continuing to be a member of the NLRB, or is President Trump given the power to remove Wilcox pending the resolution, the final resolution of the case? I do not believe that is the right question, Judge Moore. If I may explain... Can you give an answer to that question?   The district court ruled that President Trump does not have the authority... No, but I'm asking you, what did the Supreme Court say? And the Supreme Court stayed that opinion and its impact pending an appeal. That is the stay of the effective... But who's on the NLRB right now? Wilcox is not on the NLRB, is that correct? Wilcox has been... Yes or no? There's no quorum at the NLRB right now, is that right? That is correct. So that means that Wilcox is not on the NLRB, right? Temporarily pending an appeal, that is correct. So right now? Yes, that's right. How does that affect your appeal here? Do you have to have a quorum of the NLRB in order for the proceedings, if you're going to object, to go forward? There would have to be a quorum of the NLRB to consider the exceptions. But right now... I guess, can you tee up your exceptions? Do you still have to follow the rules? That is correct, Judge Bush, and that is part of the harm of the ongoing proceeding. Again, the ongoing proceeding requires... I suppose it'll just sit in abeyance until you get a quorum of the NLRB, before you get a ruling. I would think so, Your Honor, but we are venturing into some new territory here. What our submission is, under Axon, our client is suffering a here and now injury that cannot be remedied after the fact by being subjected to an unconstitutional prosecution by the NLRB. You say an unconstitutional prosecution by the NLRB. I thought that the general counsel is the one who does the prosecution. Fair point, Judge Moore. Before unconstitutional decision-makers, both the ALJ, who is unconstitutionally protected from removal, as well as the board members, likewise. With regard to the ALJ, the ALJ has rendered a decision. Is there any harm, at this point in time, given that the ALJ's decision has been made? Is there any harm, causal harm, that your claims involve? Yes, Judge Moore, and that's our point. That's Axon. It doesn't depend upon the outcome of the decisions. What is being happening here is a citizen of the United States is being subjected to a process in which they're being accused of violating the law, but the decision-makers are not constitutionally constructed. There's not the proper, there's too much protection for them. If the ALJ had decided entirely in your favor, would you still have a claim? Yes, we would, because, again, that's Axon. It doesn't matter the outcome. The process itself here is the... That looks more like an advisory opinion, from my perspective, because then we're just giving you an opinion as to the constitutionality of ALJ, but it's not affecting any of your interests. Judge Bush, the proceedings are ongoing. Our client, when we leave here today, our client is going to have to begin working on exceptions under a process... I'm talking about her scenario, Judge Moore's scenario, that if you had won, you said you would still have an injury. I don't understand that. Well, we would still have an injury because the proceeding itself is what is the... You win, you win. How can that be an injury? Because we have had to go through the entire process under... I mean, the issue here is YAP being subjected to a proceeding before unconstitutional decision makers. So is that your answer to the causation argument, that Axon is essentially a merits decision? That being subject to the unconstitutional proceeding, that's the harm, and it's cost, and you don't have to trace it back to the removal problem? I mean, Axon is a case about when a court can hear something. It's not really a merits case, but you seem to be using it as a merits case. Am I wrong? I do think you're wrong, Judge. What I'm saying is it's not a merits case. It is a recognition that the harm that is here and now is being subjected to the unconstitutional proceeding. And that harm, it says, is irreparable. What the lower court got caught... Collins v. Yellen says that's not true in the removal context, right? Are you saying that Axon modified what Collins said about when somebody is injured by an appointment, by a removal violation? I am absolutely saying that, yes, Your Honor. I must have missed that part of Axon. Well, and if I may go to Collins. Collins recognizes that there are two instances in which the statutory provision would clearly cause the kind of harm, and those are the two circumstances we have here where the president is attempting to remove a board member and is being frustrated by the lower court decision, which we submit is the effect of a decision that has only been stayed and there's still that case that is the law of the case, and his statement of displeasure formally, publicly, in the board member. And those are the two examples cited in Collins and quoted in Calcutt that would constitute the causal harm that supports the preliminary injunction. So the president said, if I could have owned, I would have helped Yap out by getting rid of this board member, but they frustrated me? I mean, that's the level of specificity that Collins is talking about, isn't it? With all due respect, I don't think it requires that level of specificity. I see that my time is up, but I would respectfully submit that. I mean, the Eighth Circuit suggested there had to be a little bit more specificity in the body case, right? I don't recall that case, Your Honor. I'm relying upon what was cited in Collins. Yeah, but I mean, it applies these two, the exceptions that you're talking about. The Eighth Circuit supplied them. They had a letter from the president to a senator. It wasn't specific enough, essentially. I mean, it seems like it's pretty clear. You've got to have a little more specificity to me. Well, and here we do have the specificity, Your Honor, with the attempted removal of board member Wilcox. Thank you. Thank you. Good afternoon. May it please the Court. Michael Dale for the NLRB. YAP is seeking to use this Court's equity powers to disrupt a standard administrative proceeding, despite meeting none of the necessary preliminary injunction factors. The list of deficiencies in YAP's request for preliminary injunctive relief is long. I mean, the district court opinions dealt with many of these issues at length, so I'm going to focus on a few key points. The first, I'd like to talk about the effect of the ALJD that issued yesterday, sorry, the ALJ decision. First, to the extent that any harm was ever traceable to these ALJ proceedings, that ALJ adjudication has occurred, and now the case is fully before the board. Two, any harm traceable to that board adjudication is certainly not imminent. There is no quorum, as this Court has noted earlier. So to the extent that there ever was any harm in those proceedings, that harm is clearly not imminent now. And three, given that the ALJ did not award the thrive remedies that are the basis for the Seventh Amendment claim in this case, the Seventh Amendment harm here is even more speculative as well. Of course, beyond all of that, there are a number of other issues with this case. The first is that there are certain jurisdictional issues. To begin, under the Norris-LaGuardia Act, Congress has forbidden the federal… Are you arguing mootness, or are you just jumping straight to the Norris-LaGuardia Act? Your Honor, our position is not that this case is moot at this time. What does that mean? Well, we believe that because there is still at least an ongoing administrative proceeding that's live, and a request for injunctive relief that's pending… Fair enough, okay. So to jurisdiction, the Norris-LaGuardia Act forbids federal courts from interfering with cases that arise out of a labor dispute. And I would point this court… Does it matter whether the Norris-LaGuardia Act goes to subject matter jurisdiction or not? Well, Your Honor, I believe that that matters to the extent that YAP has argued whether we have waived this argument. And we believe that this does go to subject matter jurisdiction. We have not waived the argument at this time. Can you explain how that's consistent with Biden v. Texas? Your Honor, I'm not familiar with what Biden v. Texas says. The immigration injunction case in the Supreme Court… Well, Your Honor, what I will say is that… …suggested that a…the majority said a very similar kind of prohibition on injunctions was not a general subject matter jurisdiction. Well, Your Honor, without sort of knowing the background of that case so much, I can talk about the background of the Norris-LaGuardia Act. And the Norris-LaGuardia Act arises out of a time when Congress was intent on taking the federal courts out of the injunction business. It is a sort of unequivocal, I believe those are the words the Supreme Court used, an unequivocal sort of statement on… Sorry, here it is. From the milk wagon driver's case, Supreme Court said that the Norris-LaGuardia Act is an unequivocal jurisdictional limitation. So to the extent that the Supreme Court has spoken on that point and Congress uses the word jurisdictional throughout the statute, I believe that this court should interpret it as a jurisdictional bar. Well, the Supreme Court has also said that they were pretty fast and loose with using the word jurisdiction. But this is specifically dealing with the Norris-LaGuardia Act? That's correct, Your Honor. What is the name of the case? This case is called Milk Wagon Drivers. I believe that Yapp may have cited it in its brief. Milk Wagon Drivers. So it's true as Judge Yapp was alluding, the Supreme Court in other areas has veered away from calling various things subject matter jurisdiction and has said they're more oriented towards is there a claim. But your position is that this Milk Wagon Drivers case does state that the Norris-LaGuardia Act prohibition is a matter of subject matter jurisdiction. That's correct, Your Honor. And I will also say that the Supreme Court has said in a case called Arbaugh that if the legislature clearly states that a threshold limitation on a statute scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. So admittedly, I'm aware of the cases. It's not subject matter jurisdiction. We would have discretion to examine the issue, right? Yes, Your Honor. I believe so. Can you address why you think that this case, why it applies here? Well, Your Honor, the Norris-LaGuardia Act applies in any case that arises out of a labor dispute. And here we have a labor dispute very clearly. And this circuit has spoken to. But the underlying case, this underlying case, their attempt to get an injunction, I don't see how that's a labor dispute. I mean, this is just a constitutional question about the Seventh Amendment and the removal power. It's not really employer-employee or conditions of employment or whatever. Understood, Your Honor. And I would point the court to a decision from this circuit in a case called Armco in which the court made fairly clear that if but for the underlying labor dispute, the instant dispute would not exist, then it can be said to arise out of that labor dispute. So here we would not be here if not for a labor dispute in this case. And that's why the MLRB's position is that the Norris-LaGuardia Act. Is it your position that the enforcement proceeding itself is a labor dispute? And the proceeding in front of the ALJ? No, Your Honor, but it does arise out of a labor dispute. So this is like a third-level dispute, labor dispute? Perhaps, Your Honor. But again, using the Sixth Circuit's language, but for that labor dispute, we would not be here in this court today. But you're drawing that, those words labor dispute, from the statute, and it seems like, I assume you're referring to the provision that says, or when the case involves any conflicting or competing interest in a labor dispute, as defined in this section of persons participating or interested therein as defined in this section. Is that the language you're relying upon for why there would be a bar of injunctive relief here? I'm sorry, Your Honor, I missed which section that was. Well, I'm reading from the statute, 29 U.S.C. 113. Yes, Your Honor. Is that the provision you're relying upon for why there's a bar here? It's in part. There's a bar. The language appears throughout the statute. What specific statutory language are you relying upon? Section 107 prohibits the issuance of an injunction without certain findings in an evidentiary hearing, which of course has not occurred in this case yet. So I would point the court to that. Of course, beyond the Norris-Laguardia Act issues in this case, there are significant other jurisdictional issues. The one I'd like to talk about is the Seventh Amendment jurisdictional issue, because YAP hasn't shown that it satisfies any of the Thunder Basin factors for obtaining jurisdiction in this court. I'd point the court to a decision that was issued recently in Millennia Housing. It's a case from the Northern District of Ohio. In that case, the district court found that there was no district court jurisdiction over a similar type of Seventh Amendment claim, and then this court denied the resulting injunction pending appeal. A number of district courts. Is there a question here, given that the ALJ did not award damages, as to whether there's even a Seventh Amendment claim potential here? Well, Your Honor, it's too early to say whether or not this remedy will come back into this proceeding. But like I said earlier, it's certainly a serious question. It's even more speculative as we stand here today than it was yesterday, whether or not this remedy will ever be awarded in this case. That's correct. But the NLRB can award the damages itself, right? Well, Your Honor. A review from the ALJ. I mean, isn't that what happened in the Ninth Circuit case? Your Honor, I guess I would take a step back. It's true, depending on whether or not – because the Seventh Amendment remedy here arises out of a particular aspect of the administrative claim, and the ALJ found that that termination was not unlawful. So to the extent that I can't speak now for the region and whether or not they will find exception to that or not, but there is some limitation to what the Board will order if the underlying claim has not been found to be met. But they have the power to do it? That's correct, Your Honor. Okay. I see my time is up. We would ask that the Sixth Circuit deny Yap's request for an injunction here. Thank you. And I think you have co-counsel. Good afternoon. Manish Sharma for the Intervenor Union. As you've heard, there's at least – as it relates to the removal protection claim, there's at least three to four ways that this Court can deny that appeal without even getting to the merits of the removal protection. That's the Norris-Lagordi Act, which would take care of the whole appeal itself. There's the mootness question or issue. There's the fact that there's no quorum before the Board, which really raises the question whether or not it's even ripe, or there's certainly no imminent need for injunctive relief, and then there's the causal harm. So quickly, I want to address, I think, the mootness part of it now. The company in its briefing argues that the reason that it's harmed by the removal protections is because it says that the removal protections will interfere with the President's ability to properly supervise NLRB members. The President has claimed the authority to supervise NLRB members. The Board has conformed itself to that. It is not standing here defending the merits of the removal protection language in the statute. The President has acted upon that and removed a member of the NLRB, and the Supreme Court has allowed that to stand. I don't see how now the company could have any sort of injury from appearing before an agency in which the President has exercised the authority to remove. Their argument is that this is an illegitimate proceeding. But which part of that? Because they're insulated by, at least that applies to the removal protections, it's because they're insulated by removal protections, but those are non-operative now. The Supreme Court has said, has stayed the order of the district court. I mean, like your friend says, it's a stay. It's a stay. The merit decision that's on the books is you can't do it. Yes. I mean, and it's been stayed. It's been – And I don't know whether – I'm not sure I would be comfortable arresting a mootness. I mean this is a jurisdictional claim, a mootness finding on the basis of a stay entered by the Supreme Court, which could be lifted at any time, which then would make their claim not moot. I mean I'm not sure that's enough. And, by the way, I guess the other question I would ask is it's still ongoing in the sense that – I take it their exceptions are due in the NLRB that's not suspended, right? They still have 28 days to file, and their client is still spending money to get all of this done. So, I mean the proceeding is ongoing, right? Yes, that's true. Absolutely. I mean I guess if it's an illegitimate proceeding and it's ongoing, it's not a mootness problem. The complaint about the illegitimacy relates to the president's authority to remove members of the NLRB. He has exercised that authority and removed a member of the NLRB citing to the policy differences. So to the extent that they worry about there being a person on the NLRB making a decision that the president doesn't agree with or is not within his policy preferences, that's been removed. That person has been removed and is removed. And the Supreme Court has said it will stay removed until they either deny cert review or they grant cert review and issue a final merits decision. And at that point, the only way that she gets back on the board is if the Supreme Court says that the removal protections are constitutional. I don't see how that cannot be moot. Does it also go to causal harm? It absolutely goes to causal harm. We wouldn't have to say it's moot. We could say there's no causal harm because this purportedly offensive member of the NLRB is not a member currently pursuant to the Supreme Court decision. That's right. What kind of argument is the causal harm argument? Isn't it a merits argument? It's not – it doesn't go to whether or not the removal protections themselves are constitutional. It's whether or not you even need to address that. I'm just trying to tease out what the order of operations is. Do you think that mootness comes first? I would go with mootness first, but if you're not convinced with mootness, you can certainly go. What's the right answer? Mootness is an Article III issue, isn't it? That's right. Subject matter jurisdiction, so don't we generally do that first? Or are we saying that causal harm is like a standing question? There's no injury, which would make it also – but I don't think that's what we've said, right? I don't think you've put it in those terms. But certainly in Calcutt, you avoided addressing the merits of the removal protection by going to the causal harm first. There's no mootness question there, so I don't know how you would have balanced the mootness there. Your position and the Board's position is that there are any number of different issues in this appeal and that looking at every single one of them, in the end, the company does not win. That's right. So even if it is not moot, you're saying, on the causal harm, there's no causal harm because the offending person on the NLRB has been removed for this period of time, has not been involved in making any decisions because it's been the general counsel, who's a totally separate person, and under the Wright-Riley case from this circuit, removal issues as to them have already been decided. And then you've got the ALJ having made a decision. So I suppose one of the other issues that your opponent has made is that the ALJ is a tainted person because of the matter of removal of the ALJ. And I know you're red lights on, but if you could address that. That's got to be moot. The proceeding before the ALJ is concluded, and they're asking for a preliminary injunction at this point. There's nothing to enjoin as far as it goes to the ALJ. That is ended. Well, it potentially could go back to the ALJ if their objections are, or could it? It's rare. The only time the board remands a case back to an ALJ is if they determine there was additional factual findings that need to be made. Theoretically, it's still available. It's theoretically possible, but that's- Well, let me go back. Let's just assume we hadn't gotten the opinion from the ALJ yesterday. What's in the record about the president's viewpoint towards firing ALJs, and this ALJ in particular? The administration has announced the position that they think the removal of protections afforded ALJs is unconstitutional based on the Free Enterprise Fund decision and the idea that they have dual levels of- Has the president removed an ALJ? The president has not removed an ALJ, but has claimed the authority to do so. And has the president expressed any disapproval of this particular ALJ? The president has not expressed any disapproval of this ALJ or any ALJ that I am aware of. Thank you. I see I'm out of time. Is it possible I could make one last quick point on North Sibornia? I'm afraid we're holding people to their time. Thank you. May it please the Court, just a few quick points here. I think I heard- my apologies if I did not hear correctly- but I think I heard my friend from the NLRB say that these proceedings are not actually moot, and we would agree with that. They are ongoing. With respect to the Norris LaGuardia Act, it is not a subject matter jurisdiction act because it does not prohibit declaratory relief, and it actually doesn't prohibit any temporary injunctions being issued other than under certain provisions. That is, there's section 4 that identifies here's when the courts cannot do it. Section 7 says here's where the courts can do it if they follow a particular process. So this is not a subject matter jurisdiction act. And with all due respect, our friends on the other side waived it. They're the experts, and they didn't- You can't waive subject matter jurisdiction. Correct. Yes, Your Honor, I agree. You cited a case in front of us. Can you respond to that case? I'm not familiar with that case, Your Honor, but I am quoting from the act, which indicates that there is the authority of courts to issue injunctions under certain procedures. As, in fact, my friend mentioned, section 7 says under these circumstances, injunctions are okay. And in section 4, it says only these types of injunctions are the injunctions that are prohibited, and this is not a circumstance where that type of injunction is at issue. In fact, as you said, Your Honor, this is an issue of constitutionality, and we would submit Congress does not have the authority to limit the judiciary's ability to have remedies for constitutional violations. Perhaps for statutory ones, but this is a constitutional issue, and it doesn't arise out of a labor dispute. So we believe Norris LaGuardia, a total straw man, not subject matter. But what is the constitutional issue? It is the constitutional structure that we believe is being violated with respect to the removal protections for ALJs and the NLRB members.  The idea of no court, that also bears in our favor as well, I would submit, because it's a balance of equities. One of the things that you look at in any irreparable injury or irreparable harm or preliminary injunction is irreparable, excuse me, is balance of equities. If they can't act, what's the problem with placing a hold on this case? They themselves say, we still are subject to all of these various accusations or findings, even if it goes back to the ALJ. We submit, Your Honors, that... So that sort of raises a question in my mind. Suppose that the board cannot act because they don't have a quorum because the president has removed this particular member and there's no quorum. Then nothing much can happen during the interim. The NLRB can't act. That's correct, Your Honor. I would agree with that. But we must to continue to defend ourselves. That's the point. You have options whether or not to file exceptions to the ALJ's order that issued yesterday. And the board, via the general counsel, has options whether or not to file exceptions. But perhaps the two of you might consider settling, given that you won in the sense that the ALJ did not award any monetary damages whatsoever. And the ALJ did say that you had violated the labor laws and that you were required to place a notice. But you don't have any monetary damages. And it might be an interesting opportunity for the two of you to decide to settle this case as opposed to litigating this up on this preliminary injunction issue. Your Honor, I totally agree. And I believe this is in the record. We actually attempted that before we filed the district court lawsuit. But now you have an ALJ who has told you what the ALJ thinks. It is a very different posture. I'm just saying that our attempts at that time were met with we're not going to self-enjoin. If the decision was rendered at 4 p.m. yesterday afternoon, I recognize we have not had the opportunity.  Nobody's had the opportunity to read that 30-page decision single-space to know exactly what it said. But I did go to the last page to try to figure out what it said. As I was telling my friend, this is the second time in this case we have actually been in flight and gotten a relevant opinion to the case. It happened back in September of last year and now this time. But, Your Honor, you're exactly right, and I would agree with that. But absent that, we're still at risk. And they could file exceptions and we then have to respond. Yeah, but you can file exceptions and they have to respond. Right. Yes. I understand. Thank you. Thank you both, or all three of you, for the argument. Obviously it's an interesting case. The case will be submitted and the clerk may call the next case.